Eastern District of Kentucky
**FILED**

United States District Court
Eastern District of Kentucky
Covington

AUG 2 8 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

Lora J. Suchan    ::
    plaintiff

    ::   Civil Action No. 06-168-WOB

Nationwide Debt Recovery Service, Inc.   ::
c/o Eleven Fourteen, Inc., stat. agent
W 422 Riverside #1100   ::
Spokane, Wa. 99201
    defendant   ::

---

**Complaint Alleging Civil & Statutory Damages for Abusive, Deceptive & Unfair Debt Collection Practices Under the Fair Debt Collection Practices Act (15 U.S.C. §1692, et seq.) & Ohio Consumer Sales Practices Act (O.R.C. §1345.01, et seq.) Seeking Declaratory & Injunctive Relief Attorney Fees; Jury Demand**

---

### Claim One

### Jurisdiction

1. This is an action brought seeking statutory and actual damages brought by plaintiff, Lora J. Suchan, for defendant's violations of the Fair Debt Collection Practices Act **[hereinafter referred to as the "Act"]**, 15 U.S.C. §1692, et seq., which expressly prohibits a debt collector from engaging in deceptive and unfair debt collection practices.

2. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

### Parties

3. Plaintiff, Lora J. Suchan is a **"consumer"** [hereinafter referred to as **"plaintiff"**] as defined in the Act at 15 U.S.C.§1692a.(3), is a resident of Campbell County, Kentucky who may or may not be obligated to pay money to a creditor known as Parking Company of America-Cincinnati [hereinafter referred to as the "debt"].

4. Defendant, Nationwide Debt Recovery Service, Inc. [hereinafter referred to as "Nationwide" or "defendant"] is principally located at and doing business from 8621b North Division, Spokane, Wash which specializes in the collection of consumer debts and who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant regularly engages in and transacts business in the states of Ohio and Kentucky and at other locations through the use of the United States mail or other instrumentality of interstate commerce.

### Allegations

6. In April or May, 2006, while on a brief errand, plaintiff chose to park her vehicle in a private parking lot in the city of Cincinnati, Ohio.

7. A fee of $5.00 entitled persons to park at that location for up to 8 hours. Plaintiff, intending to park at the location for only 30 minutes, instead, deposited one dollar.

8. When she returned from her errand plaintiff found a notice on her windshield demanding that she pay a fee of $50.00.

9. On or about June 11, 2006 the defendant, in connection with the collection of a debt, mailed a communication to plaintiff's Newport, Kentucky residence wherein it sought $50 on behalf of a private parking lot owner for allegedly failing for pay a parking fee which, at most, could not have exceeded $5.00.

10. There are and were no signs visibly posted on the property providing any warning to the plaintiff or any person that he or she would have to pay $50 or any fee for an alleged violation of parking lot rules.

11. This "fee" is neither authorized by law nor by any agreement between the creditor and the plaintiff.

12. The entity for whom the defendant was collecting was neither a governmental nor official agency.

13. The debt in question was neither a tax nor a fine sought to be imposed by any governmental authority or political subdivision.

2

14. As such, defendant in attempting to collect the debt in question has violated the following provisions of the FDCPA:

    a. by falsely representing the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e.(2);

    b. by attempting the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f.(1)

    c. by threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e.(5);

    d. by attempting to collect an amount in excess of what is lawfully owed in violation of 15 U.S.C. §1692f.(1); and,

    e. by generally engaging in conduct through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §1692e.(10);

## Claim Two
### [deceptive practices-equitable relief]

### Jurisdiction

15. This is a claim made pursuant to the Ohio Consumer Sales Practices Act, hereinafter referred to as the "Act", O.R.C. §1345.01.01 et seq.

16. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the principal federal claim.

3

## Parties

17. The parties are the same as those alleged in claim one.

18. Plaintiff, Lora J. Suchan, is a "consumer" as defined in the "Act" at O.R.C. §1345.01(D).

19. Defendant is a "supplier" as defined in the "Act" at O.R.C. §1345.01©) in that, subsequent to the consummation of a consumer transaction, defendant engaged in the conduct of attempting to collect a debt on behalf of a creditor.

## Allegations

20. Plaintiff hereby incorporates each and every allegation of claim one as if fully rewritten herein.

21. Defendant has engaged in the following unfair, deceptive and unconscionable debt collection practices in violation of the Act as follows:

   a. defendant misrepresented that the subject of a consumer transaction had sponsorship, approval, performance, characteristics, accessories, uses, or benefits that it did not have in violation of O.R.C. §1345.02(B)(1);

   b. defendant misrepresented that it had sponsorship, approval or affiliation that it did not have in violation O.R.C. §1345.02(B)(9);

   c. defendant falsely misrepresented the rights, obligations and remedies that the plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10); and,

   d. defendant knowingly made misstatements of opinion in connection with the collection of a debt arising from a consumer transaction which was designed to exaggerate the remedies or power of defendants to collect a debt or the consequences to the plaintiff of non-payment of the debt which plaintiff was likely to rely to his detriment in violation of O.R.C. §1345.03(B)(6);

22. Additionally, unless defendant is enjoined and restrained from continuing the foregoing illegal practices, plaintiff and the class of persons she seeks to represent will suffer substantial and irreparable injury.

23. Plaintiff and the class of persons he seeks to represent have no adequate remedy at law.

4

24. Plaintiff is, therefore, entitled to both declaratory and injunctive relief pursuant O.R.C. §1345.09(D).

## Prayer for Relief

Plaintiff prays for the following relief:

a) in claim one for statutory damages of $1000;

b) in claim one reasonable attorney fees for all services performed by counsel in the prosecution of this claim;

c) in claim one reimbursement for all costs and expenses incurred in connection with the prosecution of this claim;

d) in claim two a judgment against Defendant for statutory damages;

e) in claim two reasonable attorney fees for all services performed by counsel in the prosecution of this claim;

f) in claim two reimbursement for all costs and expenses incurred in connection with the prosecution of this claim;

g) final and permanent injunctive relief preventing Defendant from engaging in further unlawful conduct;

(h) a declaration that Defendant's conduct as alleged herein was either deceptive, unfair or unconscionable;

i) a trial by jury on all appropriate issues; and

j) any and all other relief this Court may deem appropriate.

Respectfully submitted by:

*[signature]*

Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

6